David M. Grey., Esq. Bar #124793
david@greyslaw.com
GREY & GREY
233 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
310/444-1980   fax 310/444-1970

Attorneys for Plaintiff
K.M. by and through her
Guardian Ad Litem Lynn Bright.

FILED
2010 JUL -7 AM 9: 47
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITIED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.M. a minor, by and through her Guardian Ad Litem, Lynn Bright<br><br>Plaintiff,<br><br>vs.<br><br>Tustin Unified School District,<br><br>Defendants | Case No.<br>**SACV10-01011 DOC MLGx**<br><br>**COMPLAINT FOR:**<br><br>1. Violation Section 504 of the Rehabilitation Act of 1973;<br>2. Violation of the Americans with Disabilities Act;<br>3. Violation of the Unruh Civil Rights Act; and<br>4. Appeal of Special Education Decision<br><br>**Demand for Jury Trial** |

LODGED
2010 JUL -2 AM 11: 16
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

### INTRODUCTION

1. K.M. is a fifteen-year old minor and she brings this action through her guardian ad litem, Lynn Bright. K.M. is a 10th grade student that is deaf because she has a

severe to profound hearing loss. K.M.'s chosen mode of communication is auditory-oral which means she listens and speaks, instead of using sign language or other language modes. K.M. has a cochlear implant in her right ear. A cochlear implant is an electronic device that is surgically implanted and directly stimulates the auditory nerve to provide a sense of sound. A cochlear implant does not restore normal hearing. K.M. misses a significant amount of spoken language, especially during classroom discussions. Much of what K.M. hears depends upon the differing levels of background noise in her environment. Background noise to the user of a cochlear implant includes all sounds including those that typical hearing people filter out with no conscious effort such as the hum of an air conditioner.

    2. K.M. asked the Defendants to provide computer assisted real time captioning (CART) during portions of the school day so that she can have access to oral communication at school. CART is a technology that provides speech to text transcription in real time. There are several speech to text technologies, but CART is the only one available that provides an almost instantaneous and verbatim transcription. A CART captionist is similar to a certified shorthand reporter. The captionist converts the words spoken in the classroom into text that is displayed on a computer screen so that the hearing impaired student can follow the teacher's lecture, other students' questions, class discussion or other oral information presented in the classroom.

    3. CART is necessary to provide K.M. with direct and equal access to instruction, discussion and communication at school under Education Code §§56000.5, 56341.1 (b)(4)., 56345(d)(1)-(4), 20 U.S.C. §1414(d)(3)(B)(iv), Section 504, the ADA and the Unruh Civil Rights Act.

4. K.M. filed a special education case against Defendant to compel it to provide her with CART. The Administrative Law Judge denied K.M.'s request for CART, but did not properly address the State of California mandate that deaf children have equal opportunity for communication access, or state and federal special education laws and regulations. The Decision also contained factual errors and did not address evidence that supported the need for CART.

## JURISDICATION

5. Jurisdiction of this court is invoked under 28 U.S.C. Sections 1331 and 1343 which affords original jurisdiction of actions arising from federal questions under the Constitution or laws of the United States, including the Individuals with Disabilities Education Act, 20 U.S.C. Section 1415(e) ("IDEA"), and the Rehabilitation Act of 1973, 29 U.S.C. Section 729 ("Section 504").

6. K.M. has timely exhausted all of her administrative remedies.

## PARTIES

7. At all times relevant herein K.M. resided within the jurisdiction of the United States of America, State of California and County of Orange.

8. K.M. was born on August 6, 1994 and is a 10th grader in the Tustin Unified School District ("Tustin"). K.M. resides in Tustin, California with her parents. K.M. qualifies as an individual with a disability within the meaning of 20 U.S.C. §1400 et.. seq. (IDEA), Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, the California Education Code and the Unruh Civil Rights Act.

Complaint and Demand for Jury Trial

9. Defendant Tustin Unified School District is a governmental subdivision of California, duly authorized and empowered to establish, maintain, operate and administer a system of public schools within the county of San Diego. Tustin's responsibilities include administering the state system of public education. Tustin receives federal financial assistance and is a public entity as defined in Title II of the Americans with Disabilities Act, and is obligated under Federal and California law to comply with the special education law, which includes identifying students eligible for special education and providing them with a free appropriate public education. Tustin is also a business establishment under the Unruh Civil Rights Act.

10. At all time relevant herein, Defendants failed to provide K.M. with direct and equal communication access, and a free and appropriate public education by denying her special education and related services and they intentionally discriminated against her based upon her disability and/or treated her with deliberate indifference related to her disability and need to access oral communications at school.

11. At all times relevant herein, Defendants were public entities within the meaning of Title II of the ADA, 42 U.S.C. § 12131 (A) and received federal financial assistance within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

12. OAH is a state agency acting at the behest of and under contract with the California Department of Education. OAH is responsible for handling due process hearings involving issues relating to the identification, evaluation, special education and related services, or educational placement of a child with a disability, under IDEA and the California Education Code.

## FACTS

13. K.M. filed a due process complaint with OAH against Defendants pursuant to 20 U.S.C. §1415, and California Education Code §§56500 et. seq., entitled *Student v. Tustin Unified School District*. The case was assigned OAH Case # N2009080029. An administrative hearing was held and evidence presented. A Decision was rendered by OAH on June 1, 2010. OAH decided that K.M. did not need CART because she was getting good grades and receiving educational benefit. The Decision also went on to say that Tustin met its obligations under the law by merely discussing services necessary to provide K.M. with an opportunity for equal communication access, but that there was no obligation to actually provide her with those services. The Decision, however, did not properly consider K.M.'s right to direct and equal access to instruction, discussion and communication at school under Education Code §§56000.5, 56341.1 (b)(4)., 56345(d)(10-(4), 20 U.S.C. §1414(d)(3)(B)(iv), Section 504, the ADA and the Unruh Civil Rights Act. A true and correct copy of the Decision is attached hereto as Exhibit "1".

14. Without CART, K.M. cannot participate in class discussion, hear other students and participate in class discussion or have access to the curriculum just like her non-disabled peers. CART is most appropriate for K.M. because it captures all pertinent oral information presented in the classroom. CART allows K.M. to have the same access to words spoken in the classroom that her non-hearing impaired classmates take for granted. K.M. is being denied access to the same educational content as the non-hearing impaired students because of the district's refusal to provide CART. CART is also necessary to meet the unique communication needs of K.M. and give her access to incidental learning, helps her develop her vocabulary, note taking and communication skills that prepare her for college and independent adult living. CART allows the hearing

impaired student access to the oral information presented and is commonly paid for by other Southern California public school districts such as Los Angeles Unified School District, Agua Dulce School District, Santa Monica Malibu School District and others, as part of the services provided under IEP's to deaf and/or hard of hearing students. CART is also commonly provided at the college level under the ADA.

15. Defendant's actions show a lack of impartiality and discriminates against K.M. because of her disability. K.M. has thus been denied FAPE and Defendant's actions violate the rights of K.M. under IDEA, ADA and Section 504 of the Rehabilitation Act, the California Education Code and the Unruh Civil Rights Act.

### FIRST CAUSE OF ACTION
(Section 504 of the Rehabilitation Act of 1973:
Against all Defendants)

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint herein.

17. Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. (Section) 794 (Section 504), and the regulations promulgated there under, 34 C.F.R. Part 104, prohibit discrimination against persons with disabilities. Section 504 prohibits the exclusion from participation in, or being denied the benefits of, or being subjected to, discrimination under any program or activity receiving federal financial assistance.

18. Defendants have violated the rights of K.M. under Section 504 and the regulations promulgated there under by denying her the benefits of receiving full and equal access to the public education programs and activities offered within the School District.

19. Defendants engaged in intentional discrimination against K.M. based on her handicap. This intentional discrimination, includes, but is not limited to defendants' failure and refusal to provide K.M. with access to the school and educational and extra-curricula activities.

20. K.M. requests damages, in an amount to be determined at trial, for such actions under the Act, 42 U.S.C. 1983 and reasonable attorney's fees pursuant to 42 U.S.C. 1988 and an Order compelling Defendants to provide CART for K.M.

## SECOND CAUSE OF ACTION
(Violation of the Americans with Disabilities Act:
Against all Defendants)

21. Plaintiffs incorporate by reference paragraphs 1 through 20 of this complaint herein.

22. Title II of the ADA, 42 U.S.C. (Section) 12131 et. seq. and the regulations promulgated there under, 28 C.F.R. Part 35, governing state and local governmental entities, protect persons from discrimination by public entities on the basis of disability. The ADA prohibits the exclusion from participation in, or being subjected to discrimination by such entity.

23. The practices described above, including but not limited to, refusing to allow access to the school, educational curriculum and extra-curricula activities violate the prohibition against discrimination solely on the basis of disability.

24. Defendants violated the rights of K.M. under the ADA and the regulations promulgated there under by denying her the benefits of the services, programs and activities to which she is otherwise entitled to from the School District.

26. As a direct and proximate cause of Defendants' violation of the ADA, K.M. has suffered and continues to suffer severe and grievous mental and emotional suffering, worry, fear, anguish, anxiety, humiliation, stigma, and other injuries that she will continue to suffer.

27. K.M. requests damages, in an amount to be determined at trial, for such actions under the ADA, 42 U.S.C. 1983 and reasonable attorney's fees pursuant to 42 U.S.C. 1988 as well as an Order compelling Defendants to provide CART.

### THIRD CAUSE OF ACTION

(Violation of the Unruh Civil Rights Act: Against Defendants)

28. K.M. incorporates herein by reference paragraphs 1 through 27 of this Complaint.

29. The Unruh Civil Rights Act (California Civil Code §51 et. seq.), protects persons from discrimination by business entities on the basis of disability. The Unruh Civil Rights Act mandates that all persons are to be treated equally and entitled to full and equal accommodations, advantages, facilities, privileges or services in all business establishments of any kind regardless of disability. The Unruh Civil Rights Act prohibits the exclusion from participation in, or being subjected to discrimination by such entity. The term business entity in the Unruh Civil Rights Act is to be interpreted broadly and includes public schools such as Tustin.

30. The practices described above, including but not limited to, refusing to allow access to the school, educational curriculum and extra-curricula activities violate the prohibition against discrimination solely on the basis of disability.

31. Tustin violated the rights of K.M. under the Unruh Civil Rights ACT, the ADA and the regulations promulgated there under by denying her the benefits of the services,

programs and activities to which she is otherwise entitled to from the School District.

32. As a direct and proximate result of Tustin's violations, K.M. has suffered and continues to suffer severe and grievous mental and emotional suffering, worry, fear, anguish, anxiety, humiliation, stigma, and other injuries that she will continue to suffer.

33. K.M. requests damages, in an amount to be determined at trial and as authorized under the Unruh Civil Rights Act, as well as an Order compelling Tustin to provide CART.

## FOURTH CAUSE OF ACTION

(Reversal of OAH Decision: Against all Defendants)

34. Plaintiff incorporates herein by reference paragraphs 1 through 33 of this Complaint.

35. The OAH Decision is not based upon careful and impartial consideration of all the evidence and demonstrates a lack of understanding of special education law.

36. The OAH Decision is not based upon the laws and rules specified in IDEA or the California Education Code and reflects an abuse of discretion on the part of the Administrative Law Judge. The Decision is not supported by the evidence and other evidence has been disregarded with no mention in the decision. The Administrative law Judge failed to conduct the hearing in the manner required by law and made inappropriate rulings with regard to the admissibility of evidence.

37. K.M. is entitled to reversal of the decision, an Order compelling provision of CART by Defendants and an award of attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that judgment be entered against the named defendants as follows:

1. An Order compelling defendants to provide CART;

2. General and special damages according to proof;

3. Attorney fees incurred in litigating the administrative due process complaint and/or under 42 U.S.C. section 1988, and/or other applicable statues;

4. For the costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: June 30, 2010    GREY & GREY

By: _____
David M. Grey Attorney for Plaintiff

Exhibit "1"

BEFORE THE
OFFICE OF ADMINISTRATIVE HEARINGS
STATE OF CALIFORNIA

In the Matter of:

PARENTS ON BEHALF OF STUDENT,

v.

TUSTIN UNIFIED SCHOOL DISTRICT.

OAH CASE NO. 2009080029

# DECISION

The due process hearing in this matter convened on April 13, 14, 15, 19, 20, 21 and 27, 2010, before Timothy L. Newlove, Adminstrative Law Judge (ALJ) from the Office of Administrative Hearings (OAH), State of California.

David M. Grey, attorney at law from the office of Grey & Grey, represented Parents and Student. Student attended the entire hearing. Student's Mother attended the majority of the hearing.

Jennifer Brown, attorney at law from the office of Best, Best & Krieger, represented the Tustin Unified School District (Tustin or District). Dr. Lori Stillings, an Assistant Superintendent of Special Education for the District, also appeared at the due process hearing.

On July 31, 2010, Parents on behalf of Student, through counsel, filed with OAH a Request for Due Process Hearing and Mediation (Complaint). On November 17, 2009, pursuant to an order issued by OAH granting Student the right to file an amended pleading, counsel for Parents and Student filed with OAH a First Amended Request for Due Process Hearing and Mediation (First Amended Complaint). On January 5, 2010, OAH issued an order continuing the scheduled hearing date, thereby tolling the decision timeline in the matter.

For the due process hearing, Student's attorney requested communication access real-time translation (CART) services pursuant to Civil Code section 54.8. OAH granted this request and provided CART services for Student at the hearing.

At the close of the hearing, the parties agreed to a briefing schedule. On May 10, 2010, counsel for Student and the District submitted closing briefs. The ALJ marked