JENNIFER C. BROWN, Bar No. 230181
jennifer.brown@bbklaw.com
DANIEL S. ROBERTS, Bar No. 205535
daniel.roberts@bbklaw.com
MEGAN M. MOORE, Bar No. 260178
megan.moore@bbklaw.com
BEST BEST & KRIEGER LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614
Telephone: (949) 263-2600
Facsimile: (949) 260-0972

Attorneys for Defendant
TUSTIN UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.M., a minor, by and through her Guardian Ad Litem, LYNN BRIGHT, <br><br> Plaintiff, <br><br> v. <br><br> TUSTIN UNIFIED SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. SACV 10-01011 DOC (MLGx) <br><br> The Honorable David O. Carter, United States District Court Judge <br><br> **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW ON DEFENDANT TUSTIN UNIFIED SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT** <br><br> [Filed concurrently herewith: <br><br> (1) Notice of Motion and Motion for Summary Judgment; <br> (2) Request for Judicial Notice; <br> (3) Declaration of Leticia Barrozo; <br> (4) Declaration of Jennifer Brown; <br> (5) Declaration of Nick Friendt; <br> (6) Declaration of Kristen Hammer; <br> (7) Declaration of Misty Jones; <br> (8) Declaration of Erin Mead; <br> (9) Declaration of Raquel Rasmussen; <br> (10) Declaration of Erin Thomas; <br> (11) Declaration of Maria Torres; and <br> (12) [Proposed] Judgment] <br><br> Date: May 2, 2011 <br> Time: 8:30 a.m. <br> Ctrm: 9D |

55350.00002\5876361.1

After consideration of the papers in support of and in opposition to Defendant Tustin Unified School District's Motion for Summary Judgment, and hearing the arguments of both counsel, the Court determines that the following facts have been established as

## UNCONTROVERTED FACTS

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. The Tustin Unified School District ("District") prevailed on all issues heard and decided in the administrative due process hearing conducted before the Office of Administrative Hearings ("OAH") in OAH Case No. 2009080029. | 1. Vol. III, Administrative Record ("AR")001891-001923. |
| 2. At the time of the administrative due process hearing, K.M. had a cochlear implant in her right ear and a hearing aid in her left ear. | 2. Vol. III, AR002011. |
| 3. At the end of February of 2011, K.M. had a second cochlear implant implanted in her left ear. | 3. Deposition of K.M. ("K.M. Dep."), Vol. I, at 89:10-22, attached as Ex. "A" to the Declaration of Jennifer Brown ("Brown Decl."). |
| 4. K.M.'s primary mode of communication is spoken English. | 4. Vol. II, AR000811, ll. 1-4. |

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 5.   K.M.'s hearing loss in her right ear (aided with the cochlear implant) is in the normal to mild range. | 5.   Vol. I, AR000426; Vol. I, AR000717, ll. 4-14.; Vol. II AR000974-000976; Vol. II, AR001991; Vol. IV, AR002362. |
| 6.   K.M. uses lip reading to supplement her hearing. | 6.   Vol. III, AR001550, ll. 10-17. |
| 7.   According to the results of K.M.'s 2009 triennial assessment, K.M. did not have deficits in her academic, cognitive, working memory, or language skills. | 7.   Vol. I, AR000633-000637; Vol. I, AR000719-000722. |
| 8.   K.M. has been a member of the Junior Varsity Basketball Team during the 2009/2010 and 2010/2011 school years. | 8.   K.M. Dep., Vol. I, at 11:19-12:25, 22:11-26:4, attached as Ex. "A" to the Brown Decl. |
| 9.   K.M. was a member of the Track Team during the 2009/2010 school year. | 9.   K.M. Dep., Vol. I, at 26:13-28:25, 31:6-34:25, attached as Ex. "A" to the Brown Decl. |
| 10.   K.M. regularly attends high school dances. | 10.   K.M. Dep., Vol. I, at 45:15-59:17, attached as Ex. "A" to the Brown Decl. |
| 11.   K.M. regularly attends high school football games. | 11.   K.M. Dep., Vol. I, at 60:11-63:22, attached as Ex. "A" to the Brown Decl. |
| 12.   K.M. tried out for and joined the Glee Club during the Fall of 2010. | 12.   K.M. Dep., Vol. I, at 38:5-45:12, attached as Ex. "A" to the Brown Decl. |
| 13.   The decision issued by Administrative Law Judge Timothy J. Newlove ("ALJ") in OAH Case No. | 13.   Vol. I, AR001893-001912. |

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 2009080029 on June 1, 2010 includes eighty-three detailed factual findings. | |
| 14. The ALJ actively participated in the administrative due process hearing. | 14. Vol. I, AR000291, ll. 4-12; Vol. I, AR000294-296; Vol. I AR000336-000339; Vol. I, AR000406-000408; Vol. I, AR000443-444; Vol. II, AR001155-1157; Vol. III, AR001649. |
| 15. The ALJ conducted an analysis of the applicable legal authority and how it applies to the facts presented at the DPH. | 15. Vol. I, AR001915, ¶¶16-18; AR001918-1919, ¶¶30-36, AR001921-1923, ¶¶44-49. |
| 16. The District's triennial assessment, conducted in May 2009, included an assessment and consideration of K.M.'s academic, language, social, communication, working memory and cognitive skills, as well as her ability to communicate and participate in the classroom. | 16. Vol. III, AR002010-002028. |
| 17. In May 2009, the District requested parental consent to conduct an audiological assessment. | 17. Vol. III, AR002001, AR002052, AR002077. |

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 18.   K.M's parent(s) did not cooperate with the District's request to conduct an audiological assessment. | 18.   Vol. I, AR000109, AR000130-000136, AR000576; Vol. III, AR002061, AR002065, AR002075. |
| 19.   On June 18, 2009, the District provided K.M.'s parent(s) with an assessment plan proposing to conduct an assessment to assess K.M.'s need for CART services. | 19.   Vol. III, AR002052. |
| 20.   On November 12, 2009, the District provided K.M.'s parents with an updated assessment plan proposing to conduct an assessment to assess K.M.'s need for CART services. | 20.   Vol. III, AR002075-002077. |
| 21.   K.M.'s parent(s) did not provide consent to the November 12, 2009 assessment plan until December 1, 2009. | 21.   Vol. I, AR000165-000166; Vol. III, AR002081. |
| 22.   The IEP teams in June and October of 2009 considered the special factors set forth in the IDEA and the California Education Code section 56345, including the following: (i) K.M.'s language and communication needs, (ii) opportunities for direct communications with peers and staff in the K.M.'s language and communication mode, (iii) K.M.'s academic needs, (iv) | 22.   Vol. I, AR000140-000142; Vol. I, AR 000153-000156; Vol. I, AR000468 (Testimony of Wenhardt); Vol. I, AR000698-000699 and AR000730-000733 (Testimony of Negru); Vol. II, AR000824-000829 (Testimony of Rasmussen); Vol. III, AR001587-001588 (Testimony of Jones). |

- 4 -

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| K.M.'s full range of educational needs, (v) opportunities for direct instruction in K.M.'s language and communication mode, and (vi) services necessary to ensure communication-accessible academic instructions, school services and extra-curricular activities. | |
| 23.  K.M. was provided several classroom accommodations during middle school and the 2009/2010 school year, including preferential seating, providing homework assignments visually, providing a clear view of the teacher and instructional resources, repeating and paraphrasing student comments, providing a copy of power point notes, and minimizing background noise. | 23.  Vol. I, AR000046, ll. 2-10 (Testimony of Smith); Vol. I, AR000227-000228 (Testimony of Billings); Vol. I, AR000252, ll. 2-21, AR000259-000260 and AR000282, ll. 11-16 (Testimony of Grexton); Vol. I, AR000373-000375 (Testimony of Loewenstein); Vol. I, AR000528-000530, and AR000589-000592 (Testimony of Kieran); Vol. II, AR001114-1116 (Testimony of Miranda); Vol. III, AR001646, AR001648 (Testimony of Scott). |
| 24.  During the current 2010/2011 school year, K.M. has been provided several classroom accommodations, including: preferential seating, written daily announcements, closed captioning for videos, repeating and paraphrasing | 24.  Declaration of Erin Mead ("Mead Decl."); ¶17-22; Declaration of Maria Torres ("Torres Decl."), ¶¶20-24; Declaration of Erin Thomas ("Thomas Decl."), ¶¶10, 25-31; Declaration of Misty Jones ("Jones Decl."), ¶¶16-17; |

- 5 -

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| student comments, minimizing background noise, providing homework assignments visually, providing a clear view of the teacher and instructional resources, and checking for understanding. | Declaration of Nick Friendt ("Friendt Decl."), ¶¶22-31; Declaration of Kristen Hammer ("Hammer Decl."), ¶¶18-25. |
| 25.    During the 2008/2009 and 2009/2010 school years, K.M. participated in her classes at a rate comparable to her peers, and benefited from her educational program. | 25.    Vol. I, AR000036-000041, AR000045, ll. 2-25 (Testimony of Smith); Vol. I, AR000215-000221 (Testimony of Billings); Vol. I, AR000287, ll. 5-17 (Testimony of Grexton); Vol. I, AR000361-000370 (Testimony of Loewenstein); Vol. I, AR000159-000160 (Testimony of Wenhardt); Vol. I, AR000538-000542, AR000568-000569, AR000576-000577, AR000578-000588, AR000591-000593 (Testimony of Kieran); Vol. I, AR000704-000706 (Testimony of Negru); Vol. II, AR000810, ll. 11-25 (Testimony of Rasmussen); Vol. II, AR001112-1114, AR1118-1123, AR001126-1129 (Testimony of Miranda); Vol. III, AR001175-001176, AR001178-001179, AR001183 (Testimony of Shafer); Vol. III, |

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| | AR001617-001619, AR001632-001634, AR001640-001641 (Testimony of Scott); AR001267, ll. 9-13 (Testimony of Bright). |
| 26. During the current 2010/2011 school year, K.M. continues to participate in her classes at a rate comparable to her peers, and benefits from her educational program. | 26. Mead Decl., ¶¶6-16, 26; Torres Decl., ¶¶6-17; ¶¶6-24; Thomas Decl., ¶¶6-24; Friendt Decl., ¶¶6-21; Hammer Decl., ¶¶6-17. |
| 27. During the 2008/2009 school year, K.M. reported to staff members at Pioneer Middle School that she was able to hear and understand what was going on in her classes, including in her English Honors. | 27. Vol. I, AR000704-000706 (Testimony Negru); Vol. II, AR001143-001145, AR001152 (Testimony Miranda); Vol. III, AR001619, ll. 4-21 |
| 28. During the 2009/2010 school year, K.M. reported to Ms. Jones at Beckman High School several times that she was able to hear and understand what was going on in her classes. | 28. Vol. III, AR001582-001583, AR001595-001597 (Testimony of Jones). |
| 29. During the 2008/2009 and 2009/2010 school years, K.M.'s teachers observed that she was able to hear the instruction and peers in her classes. | 29. Vol. I, AR000198-000202 (Testimony of Billings); Vol. I, AR000250-000251 and AR000272, ll. 5-9 (Testimony of Grexton); AR000356-000356, AR000371, AR000379-000380 (Testimony of Lowenstein); Vol., I, |

LAW OFFICES OF
BEST BEST & KRIEGER LLP
5 PARK PLAZA
SUITE 1500
IRVINE, CA 92614

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| | AR000533-000523, AR000588-000589 (Testimony of Kieran); Vol. II, AR001105-001106 (Testimony of Miranda). |
| 30. At the February 2010 IEP meeting, K.M. stated that she could hear her teachers in her classes. | 30. Vol. I, AR000357-000358 (Testimony Loewenstein); Vol. II, AR001460, ll. 7-10 (Testimony Bright). |
| 31. During the 2010/2011 school year, K.M. has reported to her teacher and Ms. Jones at Beckman High School that she is able to hear and understand what is going on in her classes. | 31. Mead Decl., ¶23; Declaration of Misty Jones ("Jones Decl."), ¶12; Hammer Decl., ¶27. |
| 32. The District has closely monitored K.M.'s progress in her educational program, and the implementation of her accommodations. | 32. Vol. III, AR001578-001583; Vol. III, AR001588-001589; Jones Decl., ¶¶8-15; Declaration of Raquel Rasmussen, ¶¶8-19. |
| 33. On October 25, 2010, K.M.'s counsel submitted correspondence to the District noticing a claim for damages against the District on behalf of K.M. ("Claim"). | 33. Declaration of Leticia Barrozo ("Barrozo Decl.") at ¶5, Ex. "A" attached thereto. |
| 34. The basis of the Claim was that K.M. had been discriminated against | 34. Barrozo Decl. at ¶5, Ex. "A" attached thereto. |

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| because the District did not provide her with Computer Assisted Real Time Captioning. | |
| 35. The Claim sought an award of monetary damages in excess of $500,000. | 35. Barrozo Decl. at ¶5, Ex. "A" attached thereto. |
| 36. The accrual date for the Claim is designated as June 5, 2009. | 36. Barrozo Decl. at ¶5, Ex. "A" attached thereto. |
| 37. On October 25, 2010, K.M.'s counsel also sought leave from the District to file a late claim. | 37. Barrozo Decl. at ¶7, Ex. "A" attached thereto. |
| 38. On November 10, 2010, the District denied the Claim because it was not presented to the District within six months of the date upon which the injury accrued according to the Claim. | 38. Barrozo Decl. at ¶6, Ex. "B" attached thereto. |
| 39. On November 15, 2010, K.M.'s counsel sent correspondence to the District regarding an application for leave to file a late claim. | 39. Barrozo Decl. at ¶8, Ex. "C" attached thereto. |
| 40. On December 13, 2010, the District's Board of Education voted to deny K.M.'s request for leave to file late claim because it was untimely. | 40. Barozzo Decl. at ¶ 9, Ex. D attached thereto. |
| 41. On December 14, 2010, the District sent correspondence to K.M.'s | 41. Barozzo Decl. at ¶ 10, Ex. E attached thereto. |

- 9 -

55350.00002\5876361.1

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| counsel denying the request for leave to file a late claim. | |

Based on the foregoing uncontroverted facts, the Court makes the following

## CONCLUSIONS OF LAW

1.  The standard of review of an administrative hearing decision is a modified de novo review standard. In reviewing an administrative hearing decision, the Court must give "due weight" to the underlying administrative proceeding.

2.  The Plaintiff, as the party seeking relief in this Court, bears the burden of demonstrating that the administrative hearing decision should be reversed.

3.  The ALJ's decision in OAH Case No. 2009080029 is entitled to deference by this Court because it is thorough and careful. The ALJ actively participated in the proceedings, set forth a complete factual background, and conducted a discrete factual and legal analysis supporting the ultimate conclusion therein.

4.  There is a preponderance of evidence in the administrative record supporting the ALJ's finding that the District complied with its obligations under the IDEA to assess K.M.'s need for CART services in the high school setting.

5.  There is a preponderance of evidence in the administrative record supporting the ALJ's finding that the District properly considered K.M.'s request

- 10 -

55350.00002\5876361.1

1     for CART Services, in accordance with California Education Code section 56345.

3     6.     The legal standard for determining if an educational program is substantively appropriate pursuant to the IDEA is the "educational benefit" standard set forth in <u>Bd. of Educ. v. Rowley</u>, 458 U.S. 176, 206 (1982) as affirmed by the Ninth Circuit in <u>J.L. v. Mercer Island School District</u>, 575 F.3d 1025, 1037-38 (9th Cir. 2009).

9     7.     There is a preponderance of evidence in the administrative record supporting the ALJ's finding that K.M. was provided a FAPE during the 2009/2010 school year without the provision of CART services.

13     8.     The ALJ's Decision shall be affirmed, and the District is entitled to summary judgment on the Fourth Cause of Action.

16     9.     Discrimination claims brought under Section 504 and the ADA which are based on the same claims set forth by Plaintiff pursuant to the IDEA shall be summarily dismissed because the establishment of a violation of the IDEA is a necessary component of brining a valid discrimination claim in the special education context.

22     9.     The District is entitled to summary judgment as to the First and Second Causes of Action because Plaintiff is asserting the same claims pursuant to Section 504 and the ADA as were unsuccessfully brought pursuant to the IDEA.

26     10.     The District is entitled to summary judgment as to the First and Second Causes of Action because Plaintiff does not have sufficient admissible evidence to support the claim that K.M. has been denied meaningful access to her

- 11 -

LAW OFFICES OF
BEST BEST & KRIEGER LLP
5 PARK PLAZA
SUITE 1500
IRVINE, CA 92614

educational program.

11. The District is entitled to summary judgment as to the Third Cause of Action because Plaintiff has failed to state a claim upon which relief can be granted because the Complaint does not include facts showing excusal or compliance with the Government Claims Act.

12. The District is entitled to summary judgment as to the Third Cause of Action because Plaintiff Plaintiff has failed to comply with the Government Claims Act, which is a prerequisite for pursuing an action for monetary damages against a public entity.

Dated: _____

Hon. David O. Carter
U.S. DISTRICT COURT JUDGE

Dated: April 4, 2011

BEST BEST & KRIEGER LLP

By: /s/ **Jennifer C. Brown**
Jennifer C. Brown
Daniel S. Roberts
Megan M. Moore
Attorneys for Defendant
Tustin Unified School District